IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FERNANDRAL HENNINGTON** | § | **CIVIL ACTION NO.**_____ |
| Plaintiff | | |
| | § | |
| **V.** | § | |
| | § | |
| **UPS,** | § | **JURY TRIAL DEMANDED** |
| Defendant | | |

ORIGINAL PETITION

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices based on discrimination and retaliation for opposing discrimination and to provide appropriate relief to FERNANDRAL HENNINGTON who has been adversely affected by such practices. The Defendant, UPS, INC. committed unlawful discrimination and retaliatory practices including failure to properly promote and transfers Plaintiff for opposing unlawful employment practices.

   I. JURISDICTION VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of the Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. 2000e-5(f)(1) and (3) (herein referred to as "Title VII") and section 102 of the Civil Rights Act of 1991, *as amended,* 42 U.S.C §1981A.

3. Venue is proper in this court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## II.   PARTIES

4. Plaintiff, FERNANDRAL HENNINGTON, is an individual currently residing at Union County, New Jersey.

1. Defendant, United Parcel Service, Inc. is a business that has continuously been and is now doing business in the State of Texas and the City of Houston and has continuously had more than fifteen (15) employees.  Defendant, United Parcel Service, Inc. is a corporation with headquarters in Atlanta, Georgia.  United Parcel Service, Inc has appointed a Texas registered agent and therefore may be served with process by serving Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218.

5. At all relevant times, United Parcel Service, Inc. (UPS) has continuously been an employer engaged in an industry affecting commerce with the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## III.   STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, FERNANDRAL HENNINGTON filed a charge of discrimination with the Equal Employment Opportunities Commission alleging violation of Title VII by Defendant, UPS, Plaintiff's current employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2014, United Parcel Service, Inc. has engaged in unlawful employment practices at its Houston, Texas location in violation of Sections 703(a) and 704(a) of Title VII.

8. Plaintiff, FERNANDRAL HENNINGTON, began working for UPS. at its Houston, Texas location on or about February 19, 2007 as a Preload Supervisor.  Under this position, Plaintiff performed his job satisfactorily throughout his employment.  Mr. Hennington was never disciplined under any policies set by Defendant.  His personnel file contains no counseling or reprimands.

9. In or around 2012, Plaintiff was injured on the job.  Following injury, Plaintiff received a doctor's release to return to work in or around November 2012.  At the time, no official position was offered to Plaintiff.  Following a meeting with human resources, Plaintiff was informed that he would be able to take a position that was in El Paso, Texas.  Plaintiff hired an attorney immediately who communicated to the Defendant on his behalf in or around December 2012.  The following month, Defendant offered Plaintiff another position and gave Plaintiff three days to accept.

10. Plaintiff accepted this position on or about January 7, 2013.  In or around February 2013, Plaintiff spoke to the Human Resource department and expressed concerns with his job duties and inadequate pay scale.  Plaintiff received no response regarding his concerns. Plaintiff therefore reached out again the following month, March 2013, to express his concerns again.

11. Plaintiff continued to experience unfair treatment and clear discrimination, resulting in Plaintiff reaching out again in or around July 2013.

12. During this time period, Plaintiff applied for a management position, however was immediately denied the position without explanation, even though Plaintiff was clearly qualified for said position.

13. Plaintiff continued to apply for several jobs of which he was clearly qualified. By in or around May 2014, Plaintiff had applied for approximately 20 jobs meeting his qualifications, all of which he was immediately denied without any explanation.

14. Throughout 2014, Plaintiff continued to experience unfair treatment and discrimination, including being subjected to many requirements not based of any policies set by Defendant, and also not required of any employees who were not of the same protected class.

15. Plaintiff continued to apply for jobs meeting his qualifications. Between November 2014 and April 20, 2015, Plaintiff applied to approximately 5 jobs. Defendant refused to consider Plaintiff for any of these positions.

16. In or around March 30, 2015, Plaintiff discovered that a manager in his department, who is Hispanic, had given him negative marks on Plaintiff's career development plan and semi-annual review. These marks were given without any explanation or notice to Plaintiff. There is no documentation of any performance issues or work performance problems for Plaintiff. Nor had this manager, or any other personnel, expressed any issues with Plaintiff's performance.

17. Plaintiff made several attempts to inform Human Resources of these acts of unfair and unlawful treatment including on or about October 18, 2014, March 3, 2015, May 6, 2015 and June 9, 2015.

18. In or around July 2015. Plaintiff noticed that his payroll had been decreased without any prior notice or reprimands from the Defendant to support the same.

19. On or about August 3, 2015, Plaintiff filed a complaint with the Equal Employment Opportunity Commission.

20. On or about December 21, 2017, Plaintiff received a notice from the Commission, informing him that the Commission was terminating its process of Plaintiff's Charge and notifying Plaintiff of his right to file suit against Defendant.

21. Plaintiff continues to experience unfair treatment, discrimination and retaliation in his position with Defendant including decreased salary, lack of consideration in promotions, improper coding for the Plaintiff's employment position.

22. The effect of practices complained of herein has been to deprive Plaintiff, Mr. Hennington, of equal employment opportunities and otherwise adversely affect his status as an employee because of his protected activity of opposing employment practices he believes to be discriminatory and retaliatory, in violation of Title VII.

23. The unlawful employment practices above were intentional and were committed with malice or with reckless indifference for the federally protected civil rights of Plaintiff.

## IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FERNANDRAL HENNINGTON, respectfully requests this Court:

24. Grant a permanent injunction enjoining Defendant, United Parcel Services, Inc., its officers, successors, assigns and all persons in active concert or participation with it, from engaging in discriminatory and retaliatory employment practices;

25. Order Defendant to institute and carry out appropriate policies, practices and procedures which provide equal employment opportunities for African Americans which eradicates the effects of its past and present unlawful employment practices;

26. Order Defendant to make Plaintiff, FERNANDRAL HENNINGTON, whole by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices he has been subjected to;

27. Order that Defendant properly code Plaintiff's employment position so as to correct the reduced payroll Plaintiff has been subjected to or in the alternative order that Defendant place Plaintiff in a position comparable to Plaintiffs qualifications and experience, or award front pay in the amounts to be proven at trial if proper placement is impractical;

28. Order Defendant to make Plaintiff, FERNANDRAL HENNINGTON, whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket expenses incurred as a result of the unlawful practices in amounts to be proven at trial;

29. Order Defendant to make Plaintiff, FERNANDRAL HENNINGTON, whole by paying compensatory damages to Mr. Hennington for his past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses he has suffered as a result of the unlawful practices described above, in amounts to be proven at trial;

30. Award punitive damages to Plaintiff, FERNANDRAL HENNINGTON, for Defendant's malicious and/or reckless conduct described herein, in amounts to be proven at trial;

31. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

32. Order all affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

33. Award to Plaintiff all costs and expenses incurred in this action; and

34. Grant such other and further relief as the Court deems necessary and proper.

## V.    JURY TRIAL DEMAND

35. Plaintiff, FERNANDRAL HENNINGTON, requests a jury trial on all questions of fact raised by its complaints.

Respectfully submitted,

REESE LAW GROUP, PC.
16850 Saturn Lane, Suite 100
Houston, Texas 77058
(281) 480-4878—Office
(713) 588-849—Facsimile

**By: /s/ *Angela Reese McKinnon***
angela@reese-law.org
State Bar No. 24066399

Attorney for Plaintiff,
Fernandral Hennington

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FERNANDRAL HENNINGTON

### DEFENDANTS
United Parcel Services, Inc.

**(b)** County of Residence of First Listed Plaintiff: Union County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Fulton County, GA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Reese Law Group, PC
(281) 480-4878
16850 Saturn Lane, Suite 100
Houston, Texas 77058

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 2000e

Brief description of cause:
Complaint of employment discrimination based on race and retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 02/21/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.