IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FERNANDRAL HENNINGTON, § § § Plaintiff, § VS. § UNITED PARCEL SERVICE, INC., § § § Defendant. § | CIVIL ACTION NO. 4:18-CV-00520 |

## ORDER

This underlying lawsuit involves claims of allegedly unlawful employment practices. Plaintiff Fernandral Hennington ("Hennington") filed his complaint with this Court on February 21, 2018, against his employer Defendant United Parcel Service, Inc. (Ohio) ("UPS") [ECF No. 1]. Pending before the Court are Plaintiff's Motion for Extension of Time [ECF No. 10] and Defendant's Rule 12(b)(5) Motion to Dismiss [ECF No. 11].

## BACKGROUND

Hennington is an employee of UPS, where he has worked since 2007 [ECF No. 1 at 3]. He brings this suit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. *Id.* at 1. Hennington argues that UPS subjected him to unlawful discrimination and retaliation by not hiring him for management positions and denying him consideration for other positions for which he is qualified. *Id.* at 3–4. After filing a charge of discrimination with the Equal Employment Opportunity Commission and receiving notification of his right to sue on December 21, 2017, Hennington commenced this action on February 21, 2018. *Id.* at 2, 5.

## STATEMENT OF LAW

UPS moves to dismiss Hennington's complaint under Rule 12(b)(5) "for untimely and insufficient service of process" [ECF No. 11 at 9]. Rule 12(b)(5) "permits a named defendant to

challenge proper service of the summons and complaint." *Pannell v. Wells Fargo Home Mortgage*, 2018 WL 3361074, at *1 (S.D. Tex. June 19, 2018). If a defendant raises a Rule 12(b)(5) challenge, it is the plaintiff's burden to prove that service was proper. *Id.* Under Federal Rule of Civil Procedure 4, a court lacks personal jurisdiction over a defendant without proper service. *Id.* (citing *Hicks v. Dallas Cty. Community Colleges*, 2018 WL 2271174, at *3 (N.D. Tex. April 25, 2018)).

Rule 4(m) requires a plaintiff to properly serve a defendant within a 90-day time limit. ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Rule 4(h) sets forth the requirements for service upon domestic corporations, stating that service shall be made either "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . ." Rule 4(h)(1). The manner prescribed in Rule 4(e)(1) is by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state in which the district court is located or where service is made."

Under Rule 4(e)(1), the state laws of Texas, the location of this Court, or of Georgia, where service was attempted, can be considered. The Court first turns to Texas law. Texas Rules of Civil Procedure 106 and 107 state that service may be conducted by delivering a copy of the citation to the defendant in person, or by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."

Texas law allows service to be made on a domestic corporation through its president, vice president(s), or a registered agent. *Infra-Pak (Dallas), Inc. v. Narmour*, 852 S.W.2d 565, 566 (Tex. App.—Dallas 1992, no pet.). A corporation is not a person capable of accepting process and must be served through its agents. *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3D 723, 727 (Tex. App.—Fort Worth 2003, no pet.). When the defendant corporation's registered agent is also corporation, the registered agent must be served through its registered agent. *Id.* (finding service of process defective where plaintiff served Barton & Rasor's registered agent, ACF, a corporation, rather than ACF's registered agent). In Texas, lack of compliance with the Texas Rules of Civil Procedure "renders the attempted service of process invalid and of no effect." *Southwestern Sec. Servs., Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005, no pet.). Furthermore, service by registered or certified mail in Texas requires that receipt of delivery, when returned, must contain the addressee's signature; if the return receipt is signed by someone else, service of process is defective. *Ramirez v. Consolidated HGM Corp.*, 124 S.W.3d 914, 916 (Tex. App.—Amarillo 2004, no pet.).

Next, the Court turns to Georgia law. To complete service upon a corporation in Georgia, the plaintiff must provide a copy of the summons and complaint to the "president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof . . . ." Ga. St. § 9-11-4(e)(1)(A). Unlike Texas law, Georgia law "requires in-person service and makes no provision for service by mail," both against individual and corporate defendants. *Cooley v. Ocwen Loan Servicing, LLC*, 729 F. App'x 677, 682 (11th Cir. 2018); *Ferguson v. Maryland*, 2012 WL 12835875, at *4 (N.D. Ga. 2012) ("Under Georgia law, service on a corporate defendant by mail is insufficient because there is no provision in Georgia law which authorizes a party to serve a defendant corporation directly by certified or registered mail except in certain

circumstances . . . in which service may be made through the Secretary of State."). If the corporation has no registered agent or the agent cannot be found and served with reasonable diligence, "the corporation may be served by registered or certified or statutory overnight delivery, return receipt requested, addressed to the secretary of the corporation at its principal office." Ga. St. § 14-2-504(b).

## ANALYSIS

The Parties dispute whether Hennington has complied with the requirements for service. Hennington argues that he sent service to UPS by a private process server in compliance with Texas law [ECF No. 10]. This service of process was mailed through the United States Postal Service on November 3, 2018, and was delivered to the front desk or reception area of the UPS headquarters in Atlanta, Georgia, on November 6, 2018 [ECF No. 10, Ex. A; ECF No. 11 at 1–2]. Hennington filed a Motion for Extension of Time on November 15, 2018 [ECF No. 10] because he has not yet received the "green card" receipt demonstrating delivery. UPS argues that service was improper because service was not delivered to its registered agent.

The Parties agree that the Court required Hennington to provide proof of service by no later than November 15, 2018. That deadline has passed. The current question facing the Court is whether receipt of this "green card" will adequately address the deficiencies of service in this case. Even assuming the proof contained in the "green card" supports the plaintiff's position, the answer is no.

Federal Rule of Civil Procedure 4(m) makes clear that a court "must dismiss the action" if a plaintiff fails to execute service within the 90-day deadline. This Court has, however, already offered several reminders and extensions to allow Hennington, through his counsel, to perfect service. On February 22, 2018, the District Judge issued an Order for Initial Conference [ECF No.

2], in which she explained that this case would be dismissed if service was not completed within 90 days. The 90-day deadline expired on May 22, 2018. On September 25, 2018, the Magistrate Judge ordered Hennington to show proof of service on UPS by or before November 15, 2018 [ECF No. 6; ECF No. 11 at 3; ECF No. 10 at 1]. Three weeks after being instructed to show cause, on October 16, 2018, Hennington finally requested the issuance of a summons [ECF No. 7]. The district clerk delivered the requested summons to Hennington on October 22, 2018, and October 25, 2018. After inexplicably waiting five of seven available weeks before the show cause deadline, Hennington mailed service of process to UPS headquarters on November 3, 2018. He did not receive receipt of this delivery from the United States Postal Service in time for the November 15, 2018 deadline. Altogether, 254 days passed between when Hennington was instructed of his 90-day deadline on February 22, 2018, and when he mailed service on November 3, 2018.

More importantly, aside from issues of timing, Hennington was also required under the law to properly provide service to the Defendant in order to comply with Rule 4(h). In his complaint, Hennington properly identified UPS's registered agent—the correct entity to receive service—as Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701 [ECF No. 1 at 2]. The summons provided to Hennington's counsel from the Court on April 11, 2018 [ECF No. 3] also correctly identified the name and address of UPS's registered agent. Despite the fact that Plaintiff knew who was the proper agent for process, when Hennington mailed service of process on November 3, 2018, he mailed it instead to "United Parcel Service, Inc." and listed the company's address as the headquarters in Atlanta, Georgia [ECF No. 11 at 3; ECF No. 10, Ex. A].

It is clear that the actual receipt of this "green card" will not fix the fact it was mailed to the wrong place and person/entity. Service is deficient under federal procedural requirements

because service was untimely and not properly sent to UPS's registered agent. Hennington's attempted service fails under Texas law because process was not properly served to the individual registered agent for Corporation Service Company, UPS's registered agent. Finally, Hennington only attempted service through certified mail, which is insufficient for completing service in Georgia, where corporate defendants must, under most circumstances, be served in person through an agent. Thus, under all applicable laws, Hennington's attempt at service was woefully insufficient. This court, however, declines to address the arguments provided by UPS regarding dismissal with prejudice.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Rule 12(b)(5) Motion to Dismiss [ECF No. 11] and dismisses Plaintiff's claims **WITHOUT PREJUDICE.**

**SO ORDERED.**

Signed this 30th day of November, 2018.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE